PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS

CORPUS BY A PERSON IN STATE CUSTODY

IN THE UNITED STATES DISTRICT COURT OF LANCASTER NEBRASKA

FILED U.S. DISTRICT COURT DISTRICT OF NEBRASKA 2023 NOV -6 PM 2: 54 OFFICE OF THE CLERK

Case No: 8:23cv488

FREDRICK E MCSWINE CONFINED AT RTC PO.BOX 22800 LINCOLN, NE 68542-28000 pro se
Inmate 66747

Fredrick E. Mcswine,

 Petitioner,   v.

State Of Nebraska,

 Respondent,

The Attorney General of the state of Nebraska

### PETITION

#### Factual and Procedural Background

On July 12, 2013 Defendant was convicted by jury of terroristic threats, Kidnapping, first degree sexual assault, and use of a deadly weapon to commit a felony. With the assistance of New counsel , Defendant filed a direct appeal,and the Nebraska Court of Appeals reversed defendant's convictions and remanded the case for a new trial on the grounds of Prosecutorial misconduct and trial counsel's to timely object tosuch comments. State v Mcswine,22 Neb App. 791,860 N.W.2d 776 (2015) March 10th Case No:A-13-887. The Nebraska Supreme court then revered the Court of Appeals decision, and Defendants convitions were affirmed on remand. State v. Mcswine,292 Neb.565,873 N.W 2d 405 (2016). State v. Mcswine 24 Neb. App. 453, 890 N.W.2d 518 (2017) Jan 31st. Mcswine then filed a motion for postconviction for relief asserting numerous claims all od which, except for one claim were denied by the district court without an evideniary hearing save for one, State v. Mcswine, No. 18-1082 2020 WL 4590276, Neb. App.(Aug,11 2020) Mcswine Received an evidentiary hearing on April 28th 2022, On July 18th 2022 District Court Order denying

RECEIVED NOV 0 6 2023 CLERK U.S. DISTRICT COURT

Postconviction Relief CR 12-1282. Then on May 30th 2023. case No A-22-611. The Nebraska Court of appeals Affirm the district court's order denying Mcswines request for Postconviction relief after the evidentiary hearing. Followed by a order enterd by the Nebraska supreme court Ptetition Of Appellant for further review Denied On July 17th of 2023.

Petitioner beg this honerable court hear this timely filing under 28 U.S.C §2254 for relief by Writ of habeas corpus by a person in custody and confined to Nebraska state prison after haven pead Not Guilty in a case widely acknowledged to hinge upon consent and credibility. I Fredrick E. Mcswine am being held in violation of the following constitutional laws or treaties of the United States 5th due process of law. 6th have assistance of counsel for defense. 14th No state shall make or enforce any law which shall abridge the privleges or immunuties of citizens of Unided State.

### GROUND ONE

1. PROSECUTORIAL MISCONDUCT DURING CLOSING ARGUMENTS

Prosecuter Eric Miller unambiuosly stated mileading statments about existing evidence not offerd by defense counsel. Evidence supporting Mcswines testimony ACI Police reports The false statements where made knowing their inaccuracy and untruthfulness to destroy Mcswines credability with the jury. The false comments where improper and prejudiced Mcswines right to a fair trial resulting in a conviction that violates due process. 5th and 14th Amndment of U.S constitution.

### GROUND TWO

2. INEFFECTIVE ASSISTANCE OF COUNSEL FAILED TO SUPPORT DEFENDANTS DEFENSE WITH EVIDENCE THAT CORROBORATED HIS TESTIMONEY, BY DEFAULT MADE IT POSSABLE FOR PROSECUTION TO MAKE MISLEADING FALSE COMMENTS.

The prosecutor forwarded defense counsel police reports ACI 39 and 53 conferment of Mcswines tesimoney about a trespass. In addition defense counsel stated in his affidavit that he and prosecutor had a discussion

about the tespass prior to trial. Credibility of the accused and aledged victim was key factor in this consent case. There was conflicting evidence presented as to whether the sexual encounter detween Mcswine and C.S was Forced of Consensual. Incriminating text messages authored by Mcswine were a Key piece of evidence in evaluating Mcswine's version of events. Trial counsels failure to offer evidence supporting his client testimony is deficient profomance. Which open the door for the prosecution to make false misleading comments that pervert the integrity of the trial. Such deficient performance prejudiced Mcswines ability to receve a fair trial per U.S constitution 5th anmd, Due process 6th assistance of counsel and 14 Due process laws guaranteed not to be abridged.

### GROUND THREE

3. INEFFECTIVE ASSISTANE OF COUNSEL, PRIOR TO TRIAL TRIAL COUNSEL FAILED TO SECURE AN EXPERT WITNESS TO ESTABLISH C.S AS AUTHOR OF THE NOTE EXHIBIT 48.

Had trial counsl secured an expert, defense would have been able to discredit the aleged victim with expert testimony corroborating defenants version through expert testimony that C.S authored a Note, With specifc directions how to get from her residence to the accuesed. Whom she claim to be a complet stranger of which she did not even know the name of. Regauerdless how well the accused and aleged victim where acquainted the exsitance of such Note is contradictory to the aledge victims testamony. The nature of its exsitance warrant a explanation she authored a note to meet with total stronger then lie about it. In a consent case hinged upon credibility defense cousel was ineffective to secure such an expert who could have been used to impeach alleged victim and coorobrate Mcswine Credibility. This is deficient performance that prejudice Mcswines right to confront his accueser's untruthfulness. Violating his 6th right to assistance of counsel and 14th due process and confrontation clause.

3

## GROUND FOUR

4. TRIAL COUNSEL FAILED TO FILE WRITTEN MOTION 15 DAYS PRIOR TO TRIAL TO INTRODUCE EVIDENCE OF PRIOR SEXUAL RELATIONS WITH ALLEGED VICTIM RELEVANT TO THE ISSE OF CONSENT.

Trial counsel not only failed to give 15 days notice but when opportunity to offer the eveidence after the state prosecution opend the door defense counsel closed it by informing the court what defendants response would have been when prosecution posed the question."Now prior to October 13th 2012 you had never had sex with her before isnt that true?" Mcswine informed trial counsel that this was a secret trist between the alledged victim and the accued so he was aware. Trial cousel worked against his client and for the prosecution by not incorporating 27-412 information Relevant to consent into his trial stratagy and colsing a door that had been opend by the state. Confrotation clause. a violation of Mcwines constitutional right to confront his accuser 14th &6th right to assistance of counsel. When defense helped the state by interfering with the question hit violate the accuesed righ to a far trial and addmit eveidence hed failed to secuer 15 days Prior.

## GROUND FIVE

5. TRIAL COUNSEL FAILED TO RECALL THE ALLEGED VITIM AND IMPEACH HER PER 27-613, 27-607 and 27-608 ISSUES. THIS WOULD HAVE WITHOUT A DOUBT COMPROMISED THE ALLGED VICTIMS CREDIBILITY FOR TRUTHFULNESS IN THE EYES OF THE JURY.

A. Failed to impeach alledged victim for the "Note" of directions to the accued place of resadence. The exsistance of the Note is a contridiction to her claims of Mcswine being a total stronger and support Mcswines of the note exsistance being part of a ongoing secret relationship. Trial counsal failed to secure an explaination for why she aoutherd it and why she lied about it.

B. Failed to confront alleged victim with deputy Ziemer's testimony that defendants's Penis did not present any injury consistant with her account given two times about having "bit" Mr. Mcswine's Penis so hard she drew blood. This is a

4

direct conridiction of what the evidence support. Entirly unsupported by facts. alleged victim was never made to answaer for her untruthfullness.

   C. Counsel faild to call Blake Steavens a witness that saw both the accused and the alleged victim and gave a contridicting conflicting version of events where upon alleged victim was never confronted with the inconsistanties in her testimony. Mr. Stevens version of events support Mr. Mcswines version of events yet defense counsel never compelled alleged victim to answaer for her untruthfulness with respect to eye witness testimony that support Mcswines version of events. Defense counsel failed to Impeach the alleged vitim in a conset case baed upon credibility for truthfulness. Issue 5A,5B,5C all support that alleged victim is a untruthfull person and shold have been impeached in the presnce of the jury for them to weigh the facts and testimony for them selves. Trial counsels failuier to recall the alleged victim and confront her for her accululative lies was a violation of Mr. Mcswines confrontaion rights and a clear failuer to perfom on the level. His ineffectiveness so infected the trial there was not chance the jury could accuratly assess credibility of the accuessed v. alleged victem. Makeing it fundemetaly unfair to not defend and impeach a lier under oath. 6th and 14th Amendment violations accumulatively during 5A,5B and 5C and 5D.

   D. Counsel failed to call Nathan Buersh who claim she addressed accused by name.

## GROUND SIX

6. STATE ERRORED IN NOT ALLOWING 27-412 IMPEACHMENT OF ALLEGED VICTIM AFTER STATE PROSECUTIONS QUESTIONING OPEND THE DOOR FOR CONFRONTATION Rule 412. The VICTIMS SEXUAL BEHAVIOR OR PREDISPOSITION (b)EXCEPTIONS. (C) EXCLUSION WOULD VIOLATE THE DEFENDANTS CONSTITUTIONAL RIGHTS.

   After state prosecution opend the door to confrontion by illciting a line of question that that present the alleged vicitm to seem more sexually naive. During questioning allged vicim claim accused had to instruct her how to perform felatio claiming she did not know what to do when accuesed allegedly forced her

to do so, this untruthful statement was later confirmed on cross examination when defense counsel directly ask if untruthful statment was true. Alledged victim again lied under oath a fact later confirmed after a closed camuara hearing which reveal a calamity of character evidence and istances of untruthfulness. State errored in denying the accued constitutional right to conforunt his accuser in a case based upon credability. This was a 14th Amendment right to due process and a 6th Amendment right to assistance of counsel by failing to incorporate 412 evidence into his trial stratagy.

### GROUND SEVEN

7. STATE ERROED IN NOT GRANTING RELIFE ON ACTUAL INNOCENT CLAIM OR BARE INNOCENT CLAIM IN A CONSENT CASE BASED UPON CREDABILITY OF A INMEACHABLE WITNESS.

It is in fact the purpose of a trial is to ascertain the truth based upon all the fact relevant to the issue at hand. Consent and credability in this case are paramount and the imporance of them being the leading contributing facter in determining the out come of the trial has been universally agreed upon by both the State and Applet Court's. There is no eveidence of a forcable sexual assult SANE nurse testeified that the "Just becuse ther is no sign of sexual assult does not mean one did not occur." All throughout trial the alleged victim was untruthful and was allowed to go unchecked in a case where it can be proven her credibility was in question. Yet, the jury never once saw the alleged victim impeached for her lies under oath. The accued has maintained this was a consentual secret ongoing trist where the alleged victim claim a false rape to avoid being caought cheating. Dismissing any further suspicions of infidelity on her part by nameing Mcswine a stranger, and concealing the natuer of how well she know the accuesed.
Never was she made to explain the accumalative lies, though with in her decit the answer as to Mcswines claim of false rape and innocence can be found.
Trial counsels failer to impeach the alleged victim in the eyes of the jury was

6

Catastrophic to the fairness of the trial process. Also the court errored in not allowing 412 impeachment. Save for the alledged vicimes testimony there is not evedence to support a claim of sexuak assilt. The court errored in not allowing the impeachment of the alleged victim whoms testimony the whole case rest upon. Trial counsel failed to inclued 412 evidence into trial stratigy. This was a violation of Due Process and Ineffectiveness of counsel a 14th and6th Amendment of the U.S constitution.

## Direct appeal and Post-conviction

All the ground raised here in this Habeas Pettion have been argued and properly secuerd for the record on direct appeal BY Mark Rapple. Post-conviction was handeled by Jason E.Troia, All appeals have been filed timly and according to requioerments by law.

At trail I was represented by Jeffery A. Pickens attorney for Nebraska state commission of public advocacy 140 N. 8th Street, Suite 270 P.O box 98932 Lincoln Ne 68509.

At direct appeal I was represented by Mark Rappl 1111 Lincoln Mall suite 300 Lincoln Ne. 68505

On Post- conviction my case was handeled by Jason E. Troia 1403 Farnam street suite 232 omaha Ne 68102.

I have served 11 years on a 55-85ar sentance and am wrongfully convicted it is this conviction of which I am challenging. With in the timeline limitation Nebraska supreme court Denied Further review on july 17th 2023. I have exhausted all my means of redress. This case has from the very start been one of credibility the jry never got the chance to hear the impeachment that i have raised here in this petiton I am factuly innocent and the chance to wieghe that evedence rest

7

with the jury. Though the fact remain the evidence would have been the same for the jury resting upon whom version they found to be beliveable the accused Mcswine or the accuser CB whom was never impeached nor confronted for perjury Defendant is actually innocent of all the charges that he stands convited for and is serving sentences for based upon untruthful testimony alone.

## Conclusion

For the aformentiond reasons Fredrick Mcswine aka Fredrick Johnson 66747 respectfully prays this honerable court grant the petition for writ of Habeas 28 U.S.C § 2254

Respectfully submitted this 3rd day of October, 2023.

Fredrick E Mcswine aka Johnson 66747
Pro se petitioner

Signed and sworn on this day before a notery of public

_____
Notery

Seal

GENERAL NOTARY - State of Nebraska
KELLY J. WARD
My Comm. Exp. October 16, 2026

8

Inmate: Ernest Jepperson AKA McSwine
Inmate # 66747
P.O. Box 22800
Lincoln, NE 68542-2800

Notice: This correspondence was mailed from an institution operated by the Nebraska Department of Corrections. Its contents are uncensored.



quadient
CORRECTION
IMI
$008.00
11/01/2023 ZIP 68522
043M30251651
US POSTAGE

RECEIVED
NOV 06 2023
CLERK
U.S. DISTRICT COURT

Office of the Clerk
of United States District Court
111 South 18th Plaza
Suite 1152
Omaha NE-68102-